UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC DONABY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 2:17-cv-00215-WTL-MJD |
| WARDEN, Federal Correctional Complex, | ) ) ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Eric Donaby seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). For the reasons explained in this Entry, his petition for writ of habeas corpus is **denied.**

**A. Background**

On February 28, 2013, Mr. Donaby pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin—a violation of 21 U.S.C. § 841(b)(1)(C). He was sentenced as a career offender under § 4B1.1 of the federal sentencing guidelines to 120 months' imprisonment which was reduced to 108 months for time served on two related Illinois heroin trafficking sentences.

On March 21, 2016, Mr. Donaby filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His motion was dismissed as untimely. *Donaby v. United States*, No. 16-2503 (8th Cir. Sept. 2016). While Mr. Donaby's request for a certificate of appealability was pending in the Eighth Circuit, the United States Supreme Court issued its opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and the Fifth Circuit issued its decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

On December 2, 2016, Mr. Donaby filed a motion under Rule 60(b) of the Federal Rules of Criminal Procedure, challenging his sentence under *Mathis* and *Hinkle*. The Rule 60(b) motion was construed as a second or successive § 2255 motion and dismissed because Mr. Donaby had not sought permission from the Eighth Circuit to file a second § 2255 motion as required under § 2255(h).

On May 12, 2017, Mr. Donaby filed a petition pursuant to 28 U.S.C. § 2241 in this Court, challenging his career offender status under *Mathis* and *Hinkle*. He also requested that this Court order his release from custody while his case is under review. The respondent filed a return to the order to show cause and Mr. Donaby's motion for release in October 2017. Mr. Donaby replied on November 20, 2017. The action is now ripe for review.

### B. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Mr. Donaby may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. This is known as the "savings clause of § 2255 and it ... will permit a federal prisoner to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017) (internal quotations omitted); *see also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport*, 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

In 2016, the Supreme Court in *Mathis* clarified the process for determining whether a defendant's prior state-law conviction qualifies as a violent felony under the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 136 S. Ct. at 2248. Mr. Donaby was not sentenced under the ACCA, but he was sentenced as a career offender under § 4B1.1 of the federal sentencing guidelines. Although the respondent concedes that Mr. Donaby meets the first part of the *Davenport* test, and *Mathis* has been held to apply retroactively,[1] Mr. Donaby's claim fails because he cannot show that his sentence is a miscarriage of justice because he was sentenced to less than the statutory maximum. The sentencing guidelines are not mandatory. Were he to be granted relief, and resentenced without the career offender status, the judge could still sentence him to the sentence he is currently serving. *See Hawkins v. U.S.*, 706 F.3d 820, 824-25 (7th Cir. 2013), *opinion supplemented on denial of reh'g,* 724 F.3d 915 (7th Cir. 2013) (sentence well below statutory maximum cannot be considered a "miscarriage of justice" that can be collaterally attacked). Mr. Donaby's 120 month sentence is well below the statute's 20 year maximum. 21 U.S.C. § 841(b)(1)(C). Mr. Donaby has not satisfied the *Davenport* test and therefore cannot invoke the savings clause of 28 U.S.C. § 2255(e).

### C. Conclusion

Based on the foregoing, Mr. Donaby has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 15-2378, 2017 WL 3262282, at *6 (7th Cir. Aug. 1, 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

---

[1] *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016); *Pulliam v. Krueger*, No. 16-1379, 2017 WL 104184 (C.D. Ill. Jan. 10, 2017); *Jahns v. Julian*, No. 16-cv-00239, 2018 WL 1566808 (S.D. Ind. March 30, 2017).

Because the Court has found that it lacks jurisdiction to consider his petition, his motion for release on bond pending review, Dkt. No. 11, is **denied as moot**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/4/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ERIC DONABY
05669-033
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov